NO. 07-00-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 6, 2001

_____

PRINCEWILL A. TATA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;

NO. 839,680; HONORABLE DON STRICKLIN, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Princewill A. Tata has given notice of appeal from a conviction and sentence in cause number 839,680 in the 337th District Court of Harris County, Texas (the trial court). The trial court clerk's records were filed with the appellate court clerk on October 24, 2000. The clerk of this court is in receipt of a letter from the trial court reporter which advises that the reporter has not received a deposit toward transcription of the

reporter's record on appeal, nor any designation of record on appeal. No reporter's record has been filed.

Pursuant to correspondence from the clerk of this court, counsel for appellant advised that an affidavit of indigency was forwarded to appellant at his place of incarceration, and that upon filing of the properly-executed affidavit, the trial court would appoint counsel to represent appellant on appeal. Subsequent inquiry into the status of the affidavit of indigency and appointment of counsel has not elicited a response from appellant or his counsel.

Accordingly, this appeal is abated and the cause remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute the appeal, whether appellant's present counsel should be replaced; and  (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute, or, if appellant desires to prosecute, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than April 16, 2001.

Per Curiam

Do not publish.